ISAAC JARRATT and others, Adm'rs. *v.* H. P. MARTIN.

The surety on a bond is entitled to all the legal and equitable defences to which his principal is entitled, which attached to or was connected with the debt, evidenced by such bond. And it is competent for such surety to introduce any evidence tending to set up such defence; for instance, to prove a set off or counter-claim contracted in reference to the debt sued upon.

CIVIL ACTION, to recover the amount of a bond, tried before *Cloud, J.,* at Spring Term, 1873, of the Superior Court of YADKIN county.

The action was originally commenced against T. S. Martin and the present defendant, who was his surety upon the following bond, the basis of the present suit:

" On the first day of November next, we promise to pay R. C. Puryear four thousand dollars, it being the purchase money for a tract of land, and has nothing to do with any other deal-

ing between us, for value received. Witness our hands and seals, Sept. 28th, 1852." And signed ·

T. S. MARTIN,

H. P. MARTIN.

T. S. Martin, the principal in the foregoing bond, having filed his petition and been adjudged a bankrupt a short time before the commencement of this action, at a subsepuent term it was discontinued as to him upon the suggestion of his bankruptcy and continued against the defendant, H. P. Martin, alone.   The execution of the bond was not denied.

On the trial, the defendant offered to prove by T. S. Martin, that at the time the bond was given, the plaintiffs' intestate, the obligor, was largely indebted to him, T. S. Martin, the principal therein, and that it was agreed between them that the indebtedness should go as a payment on the land, and the balance was to be paid by him, by lifting debts against plaintiffs' estate ; and that he did lift debts by direction of said intestate to an amount larger than the bond.    The plaintiffs' counsel objected to the introduction of this testimony, and his. Honor excluded it.

Defendant then offered to prove by the same witness, that the bond had been fully paid off by him, and that the intestate had so acknowledged and had promised to deliver up the bond upon the first convenient opportunity.   To this evidence the plaintiffs likewise objected, and the Court ruled it out.

Defendant offered to prove by another witness, several notes given by the intestate to the said T. S. Martin, some prior and some subsequent in date to the bond sued on, and which was set forth in the answer as payments and counter-claims.    This evidence was also objected to by plaintiffs, on the ground that these notes had been surrendered by said T. S. Martin in his schedule, and had passed to his assignee in bankruptcy.    Defendant offered to prove by the assignee, that T. S. Martin had surrendered these notes to him, subject to a settlement, by deducting the amount of the bond, now in suit, from the amount of the note so surrendered, and that the assignee ac-

cepted them and holds them with that understanding at this time. To this plaintiffs again objected, and his Honor rejected the testimony.

The jury returned a verdict for the plaintiffs for the full amount of the bond, less the credits indorsed. Judgment in accordance with the verdict, from which defendant appealed.

*McCorkle & Bailey* and *Armfield*, for appellants.
*Brown* and *Batchelor & Son*, contra.

READE, J. There is no doubt of the general principle, that the defendant, H. P. Martin, who is surety in the bond sued on, is entitled to all the legal and equitable defenses to which his principal, T. S. Martin, was entitled, which attached to or was connected with the debt sued on ; for instance, to all payments endorsed and to all set offs and counter claims. Whether he would be entitled to the benefit of any independent claim of his principal against the creditor, as for instance, a bond, so that his principal could not assign it to another, is not necessary to be decided in this case.

If, therefore, the defendant can prove what he proposed to prove, that his principal had claims against the creditor, which were contracted with reference to the bond sued on, or which were agreed to be in liquidation in whole or in part, it is clearly competent for him to do so. This proposition would probably not be denied if it stood alone ; but it is objected that when the principal debtor went into bankruptcy, he listed the claims which he had against the plaintiff, and thereby they were assigned to the assignee in bankruptcy by operation of law, and will have to be paid by the plaintiff to the assignee. We suppose this would not be so even if they were listed by the bankrupt without an express saving of, or reference to the rights of the plaintiff; but certainly it is not so, if, as the defendant offered to prove, they were rendered in bankruptcy with express reference to, and ratification of, the plaintiff's

claim against the bankrupt. In which case the assignee in bankruptcy would take the claims *cum onere.*

From what has been said it will be seen that the assignee in bankruptcy ought to be a party, because the plaintiff ought not to be put to the risk of allowing the claims to the defendant, and having to pay them to the assignee in bankruptcy.

The question, as to the competency of the bankrupt to testify as to transactions between him and the deceased creditor, Puryear, is not necessary to be decided now, and will probably not arise on the next trial.

There is error.

PER CURIAM.                            *Venire de novo.*