M. P. BALDWIN v. R. W. YORK, L. BURNETT, and T. W. GATTIS.

Pending an action for the recovery of land, an injunction does not lie, restraining the defendant from enjoying the fruits of his posession and claim of title; and especially when it does not appear that the plaintiff will loose the fruits of his recovery, if he establishes his title.

It is irregular for the plaintiff to move 'for judgment upon complaint and answer. If he admits the allegations of the answer, his proper course is to demur.

Whether a lien created by a levy prior to the docketing of a judgment, is continued by virtue of such docketing, without pursuing it by a *ven ex.*, or whether a *fi. fa.* issued on such docketed judgment, waives the lien created by the levy before docketing—*Quere?*

(*Johnson* v. *Sedberry*, 65 N. C. Rep. 1, cited and approved.)

CIVIL ACTION for the recovery of a certain tract of land, and for an account of the rents, and in the meantime for an injunction against one of the defendants, restraining him from paying to his co-defendant certain rents, tried before *Tourgee, J.*, at the Spring Term, 1874, of CHATHAM Superior Court.

In his complaint, the plaintiff alleges that one Bell, at Fall Term, 1867, of Chatham Superior Court of Law, obtained a judgment against the defendant, L. Burnett and others, for the sum of $1,377, with interest on $850; that Burnett paid of this judgment $599, about 1st February, 1869, but that he never has paid the balance thereof. That Bell, for value, assigned this judgment to the plaintiff on the 25th of May, 1868. That an execution, tested of Fall Term, 1867, was issued on the judgment, returnable to Spring Term, 1868, which execution was levied on 670 acres of land on Haw river; and on another tract of 92 acres, and on his interest in 378 acres, known as the " Jane Burnett land," all as the property of L. Burnett.

Plaintiff further alleges, that after due notice, he had this judgment docketed in the Superior Court as authorized by law,

from which Court execution issued the 1st day of April, 1873, under which the land known as the "Jane Burnett land," 378 acres, was sold at the Court House door in Pittsboro, on the 12th day of May, 1873, and purchased by the plaintiff, to whom the sheriff made a deed. That previous to this sale, but subsequent to the judgment, Burnett, being insolvent, which insolvency was known to York, sold to York the "Jane Burnett land" without a valuable consideration. That York knew of the judgment, and that the pretended sale of the land was done by Burnett to delay and defraud his creditors; and that the sale was made with the understanding that Burnett, as soon as he was relieved from his pecuniary embarrassments, should have the land back again. That the pretended consideration of the deed to York, was $500, which was never paid; that at the date of said deed the land was worth $800, and was worth then $1,250. That York took possession of the land immediately after his pretended purchase, and rented the same to the defendant, Gattis, who is now in possession.

The plaintiff further states in his complaint, that York has obtained a judgment against Gattis for $400, for the rent of said land, and is about to collect the same. That defendants York and Gattis, withhold the possession of said land.

Plaintiff demands that the deed from Burnett to York may be cancelled; that York account for the rents and profits; that Gattis be enjoined from paying any rents to York, but that he be decreed to pay the same to the plaintiff; and that he, the plaintiff, have possession of the land, and have $500 damages.

York in his answer denies all the material allegations of the complaint, stating that the consideration of the deed from Burnett to him, was *bona fide*, consisting principally of professional services for Burnett in his application in the Court of Bankruptcy, and for expenses; denying that the deed was made to defraud creditors or any one else.

Burnett denies collusion with York, and asserts that his deed to him was for a valuable consideration.

His Honor granted the order restraining Gattis from pay-

ing over to York the rents, and appointed a receiver to receive and invest the same. And at Spring Term, 1874, further adjudged that the deed from Burnett to York was fraudulent; that the plaintiff by his execution acquired a lien on the land attempted to be sold ; and that the sale of said land by the sheriff of Chatham, was valid. His Honor further ordered, that it be referred to the Clerk to take an account of the rents and profits, and that the injunction on Gattis be continued.

From this judgment, York appealed.

*Battle & Son* and *Batchelor*, for appellant.
*Manning,* contra.

BYNUM, J. The deed of the plaintiff was executed the 12th day of May, 1873, and clearly he was not entitled to the rents and profits of the land, antecedent to his title. It was error, therefore, in his Honor to enjoin Gattis from paying them to York, or ordering him to pay them to the receiver. Nor can it be seen from the case, upon what ground a receiver was appointed at all, there being no allegation of the insolvency of the defendants. In effect, this is an action of ejectment, where both parties claim title, and the defendant is in possession. In such case, pending the action, an injunction does not lie, restraining the defendant from enjoying the fruits of his possession and claim of title, and especially when it does not appear that the plaintiff will lose the fruits of his recovery, if he establishes his title.

The plaintiff moved for judgment upon the complaint and answer. This was irregular. If he admitted the allegation of the answer, he should have demurred thereto, and then nothing but issues of law would have been presented to the Court. But the answer denies some material allegations of the complaint, which raised issues of fact, which should have been found either by the Court or a jury. The defendant denies all fraud, yet the Court, as a matter of law, declares the deed of the defendant, fraudulent and void. Whether it be so, may.

30

depend upon the existence of some facts which do not appear upon the record.

It is clear that the plaintiff, by his levy, acquired a lien upon the land, and that he could at any subsequent time, sue out a *venditioni exponas*, and sell the same, and the purchaser thereunder would acquire a good title, against subsequent purchasers. 3 *Ired.*, 256. And in *John* v. *Sedberry*, 65 *N. C. Rep.*, it was held that Art. 4, Sec. 25, of the Constitution, which ordains that " actions at law and suits in equity, pending when this Constitution shall go into effect, shall be transferred to the Courts having jurisdiction, without prejudice, by reason of the change," applies to judgments. When the plaintiff's judgment was docketed, therefore, it became a lien on the land, from the docketing, just as judgments obtained since the adoption of the Code. But whether the lien created by a levy, prior to the docketing of the judgment, is continued by virtue of the docketing, without pursuing it by a *ven. ex.* or whether a *fi. fa.* issued on said docket judgment waives the lien created by the levy, has not been determined by this Court, and is the main point here. And it is right here, that the facts appearing upon the record, are defective, in that it does not appear whether the execution was a *ven. ex.* issued upon the previous levy, or simply a *fi. fa.* issued upon a docketed judgment.

Nor does it appear whether the execution was issued by leave of the Court, and with the formalities required by *C. C. P.*, *Sec.* 256, where the judgment is of longer standing than three years, which is our case.

As both parties are at fault, in not preparing the case for this Court, as the Code provides, in cases of appeal, the injunction will be dissolved, the judgment reversed and the case remanded, to the end that it may be proceeded in as the parties may be advised.

Injunction dissolved, and judgment reversed and *venire de novo.*