## WILSON & SHOBER *v.* THE BANK OF LEXINGTON, THE BANK OF GRAHAM, R. Y. McADEN and others.

In an action against a Bank, to recover the amount of certain bills issued as currency, it is not necessary to join as plaintiffs, all persons holding bills of such Bank; for being in the nature of a creditor's bill, such holders may at any time come in, be made parties, and share the recovery.

And when, in such action, relief is demanded against the individual stockholders as well as against the Bank, such stockholders being represented by the Bank, need not be made parties defendant.

Nor need such stockholders be made parties, although certain persons are individually sued in the same action, who had bound themselves to indemnify the stockholders against loss, on account of the bills sued upon not being paid.

An action is well brought for the recovery of certain bills, when it is against the Bank issuing the same, and against another Bank which agreed to redeem the same, and also against certain individuals, who by written covenant agreed that the bills should be redeemed, and the individual stockholders saved from loss.

(The cases of *Carter* v. *Jones,* 5 Ired. Eq. 196; *York* v. *Landis,* 65 N. C. Rep. 535; *Jarrell* v. *Martin,* 70 N. C. Rep. 459; *Kennedy* v. *Pickens,* 3 Ired. Eq. 147; *Brinson* v. *Thomas,* 2 Jones Eq. 414; and *Blalock* v. *Peake,* 3 Jones Eq. 323, cited and approved.)

This was a CIVIL ACTION, to recover the amount of certain bank bills, tried at the December (Special) Term, 1873, of the Superior Court of GUILFORD county, before his Honor, Judge *Henry,* upon complaint and demurrer.

The following are substantially the only facts necessary to be stated, as bearing upon the points decided at this stage of the case:

The Bank of Lexington was chartered by the Act of 1858–'59, chap. 68, to continue to 1st January, 1885, with power to establish a branch at Graham, in the county of Alamance; *provided* 1000 shares of the stock was subscribed for at Graham. The requisite stock was subscribed at Graham,

and a branch Bank thereupon established, as provided in the act of incorporation.

The stockholders were made, by the original charter, personally liable in double the amount of their original stock, for the redemption of the bills of the Bank, and other liabilities, in case of the insolvency or inability of the Bank to redeem its notes or discharge those liabilities.

The parent Bank, (at Lexington,) issued notes, some payable at Lexington, some at Graham ; and of those payable on their face at Graham, the plaintiffs own and hold $8735.

The charter was amended in 1862, (Private Laws, 1862–'63, chapter 1,) by which the branch at Graham was made an independent Bank, and the stockholders at that place incorporatd as a separate Bank of Graham, with power to carry on and continue the business of banking, *with the same power, immunities and restrictions in all respects, and to all intents and purposes, as were or had been conferred on the Bank of Lexington* ; and all the capital stock, bills, notes, evidences of debt, specie and all other effects belonging to the branch at Graham, was transferred to, and constituted a part of the assets of the Bank of Graham, with a special restriction not to issue any bills of such new Bank until after the war.

On the separation, the defendants, R. Y. McAden and others, stockholders before that time in the branch Bank, and now in the Bank of Graham, covenanted to and with the Bank of Lexington, that they would redeem all the bills payable at the branch at Graham, " as soon as practicable," and do so at and through the Bank of Graham, and forward the same to the Bank of Lexington ; and that they further would indemnify and save harmless all the continuing stockholders in the original Bank at Lexington, from all loss for or on account of such bills.

The Bank of Lexington is insolvent, and unable to pay its bills.　The Bank of Graham is also insolvent.

The bills of the plaintiffs, and for which this action is brought, are a portion of those that the defendant, McAden

and others covenanted to redeem as soon as practicable, by their covenant of 7th day of March, 1863, before alluded to.

The burden of paying the bills, the plaintiffs allege, was originally in the Bank of Lexington and all the stockholders therein ; and after the separation, the burden was on the Bank of Graham, and they both being insolvent, the plaintiffs claim the right to resort to the covenantors, McAden and others, between whom and the Bank of Lexington and the stockholders therein, the burden, in justice and equity, ought to fall.

The defendants demurred to the complaint, containing the foregoing facts, and for cause say :

1. That there is a defect of parties plaintiff in this, the plaintiffs' action ; for that it appears in said complaint, that there are other creditors, holders of notes of the Bank of Lexington, payable at its branch at Graham, besides the plaintiffs, if they be such, who are entitled to their proportional share of satisfaction out of the assets of said Bank, or from the other defendants, alleged to be liable for the same, if any be so adjudged in this case, and therefore should be joined as plaintiffs.

2. That there is a defect of parties defendant, for that, none of the stockholders of the Bank of Lexington who are alleged to be liable by the charter, for the debts of the Bank, in case of insolvency or ultimate inability to pay, which is averred to be a fact in the complaint, are made parties defendant.

3. That it being alleged in the complaint, that R. Y. McAden and the other defendants, who are sued as individual persons, among other undertakings, bound themselves to indemnify and save harmless each and all the stockholders in the Bank of Lexington, against any loss, liability or obligation falling upon them, contracted at, or by reason of said branch at Graham, each and all of said stockholders be necessary parties, either as plaintiffs or defendants.

4. That several causes of action have been improperly united in the same remedy ; one against the Bank of Lexington, alleged to be for the recovery for notes of said Bank held by the plaintiff, a claim which must be reduced to judgment before

any other action or proceeding can be entertained to procure satisfaction ; the second, being against the Bank of Graham, upon an alleged agreement between it and the Bank of Lexington, that it would take upon itself the redemption of the notes of the Bank of Lexington, payable on their face at the branch at Graham ; and the third against R. Y. McAden and the other defendants, upon an alleged writing obligatory, executed by them to the Bank of Lexington, on the 7th of March, 1863, conditioned that they should as early as practicable redeem all the bills of the said Bank, payable on their face at the former branch at Graham, and should indemnify and save harmless each and all of the stockholders of the Bank of the Lexington against loss, liability or obligation, contracted at, or by reason of the said branch at Graham ; the parties in each of said alleged causes of action being different, and each of the latter being designed as supplemental proceedings to obtain satisfaction of a judgment, expected to be obtained in the first.

5. That the complaint does not state facts sufficient to constitute a cause of action, in that it alleges no demand of payment on the Bank of Lexington at the said Branch at Graham ; and in that it does not alllege that it has been practicable in the time which has elapsed since the contracting of the said obligation, for the obligors to have redeemed the notes of the said Bank of Lexington payable at its Branch at Graham.

Upon the hearing in the Court below, his Honor, after argument, sustained the demurrer, and dismissed the complaint.

From this judgment the plaintiffs appealed.

*Dillard & Gilmer*, for appellants.
*W. A.* and *J. W. Graham*, contra.

READE, J.   We are of the opinion that none of the causes of demurrer are sufficient, because,

1. It is a creditor's bill and all the creditors are, or may come in and be parties, and share the recovery ;

2. The Bank of Lexington represents its stockholders who are secondarily liable;

3. For the same reason as in the second above;

4. The several causes are all connected and can be settled in the same action;

5. The demand was made not of the Branch Bank of Graham, it is true, for that had gone out of existence, but at and of the Bank of Graham, which had undertaken to redeem them; and a reasonable time had elapsed.

Upon overruling the demurrer and remanding the cause, we suppose the defendants will answer; and then the rights and liabilities of the parties can be better determined than they can now upon the demurrer. It would seem now, however, that the liability of the defendants under their covenant with the Bank of Lexington to redeem the bills or to indemnify the Bank of Lexington if the Bank of Lexington should redeem them. It is equally plain that the Bank of Lexington is obliged to redeem its bills. But are the defendants bound under their covenant not only to the Bank of Lexington, but to the plaintiffs? It would seem that they are. It is a familiar principle of equity that the bill holders are entitled to all the securities which have been provided for their redemption, the Bank of Lexington and all its assets. But the Bank of Lexington is insolvent. All its assets which went into the Bank of Graham are lost. The Bank of Graham is insolvent; and so the only thing left is the defendants' covenant. And in regard to that, it would seem that the plaintiffs have an equity to be subrogated to the rights of the Bank of Lexington. What then are the rights of the Bank of Lexington? Evidently to recover of the defendants such amount as it has paid out in redeeming the bills which the defendants covenanted to redeem. The face value of the bills if it paid the face value; otherwise, the sum actually paid. If the plaintiffs take the place of the Lexington Bank, then that is the measure of their rights, to be reimbursed the amount they paid out for the bills. That would probably be the measure if they received the bills as currency; much

40

more would it be so, if they were bought as a marketable commodity, as all State bank bills have been since the war. *Carter* v. *Jones*, 5 Ired. Eq. 196 ; *York* v. *Landis*, 65 N. C. Rep. 535 ; *Jarrall* v. *Martin*, 70 N. C. Rep. 459 ; *Kennedy* v. *Pickens*,, 3 Ired. Eq. 147 ; *Brinson* v. *Thomas*, 2 Jones Eq. 414 ; *Blalock* v. *Peake*, 3 Jones Eq. 323 ; Adams' Eq. 269.

There is error. Cause remanded.

PER CURIAM. Judgment reversed and demurrer overruled.