MARION BROOKS v. ANDREW HEADEN and others.

*Appeal—Practice in Supreme Court.*

Where the case of appeal fails to disclose the errors assigned below, the rule is to affirm the judgment; but if it appear from the record that other parties are necessary to a final determination of the matters involved, the rule will be relaxed and the cause remanded that they may be brought in by *legal process.*

CIVIL ACTION heard upon exceptions to referee's report at fall term, 1878, of CHATHAM superior court, before *Kerr, J.*

The plaintiff executed a deed in trust in 1856 to the testator of the defendants to secure the creditors therein mentioned and any others he might owe, whether mentioned or not. The trustee by consent of all parties interested, within twelve months and before the day of default mentioned in the deed, sold the personal property at $250, or thereabouts, at six months, and took notes with surety from the purchasers, which notes he held up to his death in December, 1858. After his death they came to the hands of defendants, the executors of the trustee, and remained in their hands

at the institution of this suit, uncollected and unapplied to the trust creditors.

This suit of the plaintiff is brought to have an account of the trusteeship of A. D. Headen, and of the trust funds which came or ought to have come to the hands of A. D. Headen, or into the hands of the defendants as executors of the trustee since his death, and from the decree of the court adjudging against the defendants the amount of the trust funds and fixing them with assets of their testator to pay the same, an appeal is taken to this Court.

*Messrs. John Manniny* and *J. W. Graham,* for plaintiff.
*Mr. J. H. Headen,* for defendants.

DILLARD, J. (After stating the case.) The case of appeal brought up to this Court contains the final decree aforesaid and in it is a recital that one exception on behalf of the plaintiff to the report of referees of the assets of A. D. Headen for failure to charge $3,000 against the defendants for negroes distributed, is sustained; and one exception on the part of the defendants for failure to allow them interest for their advances in excess of the assets, is overruled. The appeal to this court is intended to have a review of the judge below as to his rulings on the said exceptions, and yet neither the case of appeal nor the record proper contains the report excepted to, nor the exceptions themselves, nor the evidence on which the said exceptions are to be supported or defeated; and therefore it is that we cannot say whether the judge erred or not in his ruling on the exceptions. We cannot see from anything before us, whether the negroes distributed ought to have been charged to the executors or not; nor whether the defendants have cause of complaint in the failure of the referees to credit them by interest on their advances out of their individual estates in excess of the assets. It is obvious that

there must have been some proof by which the referees were governed.

Defendants claim also that there are creditors in the deed of trust not paid, and they demand that the $377.31 decreed against them shall not be diverted to the plaintiff until an account is taken ascertaining the amount still due under the trust and a provision made for their payment out of any funds which they may be liable for. The plaintiff in his complaint admits that all the creditors have not been paid, and though he claims to have notified them to come in and make themselves parties, yet the notice given was a mere private notice and not obliging them to appear or concluding them as to the application of the trust fund. Under the circumstances, as we have to remand the papers in the cause as hereinafter stated, the plaintiff may make the creditors parties and have an account taken if need be of the unpaid balance due them if any.

It is the duty of the appellant to see that his case of appeal and the record accompanying shall be properly made out, so as to contain whatsoever shall be material to a review of the Judge below upon the errors assigned ; otherwise the rule is to affirm the judgment appealed from, and this course would be pursued in this case but for the necessity of bringing the creditors in as parties.

The creditors when called in may be willing to have their debts ascertained and to accept and confirm the reports of the trust funds and assets of defendants' testator and the decrees made thereon ; and in case they should, then the defendants may bring up their appeal to this court for review on the assignment of errors as they now exist; or, if the creditors when called in shall elect to repudiate the account taken and the decrees rendered thereon, then it will be necessary in the court below to set aside all the reports and decrees made, and have the same taken over with opportu-

nity to the new parties to be represented and to have a voice in all the ulterior proceedings.

Let this cause be remanded to the court below for new parties to be called in and other proceedings therein had as in this opinion indicated.

PER CURIAM.                    Cause remanded.