F. W. KERCHNER v. HENRY FAIRLEY and others.

*Practice—Receiver—Foreclosure of Mortgage.*

Plaintiff mortgagee was administrator of one of two mortgagors, whose heirs and the other mortgagor were defendants in an action to fore-close a mortgage; the property conveyed was inadequate to pay the debt, and the mortgagor in possession insolvent; plaintiff denied an alleged payment of the debt and the existence of assets in his hands applicable thereto; *Held,* that in such case it was not error in the court on application of the plaintiff to appoint a receiver to secure the rents and profits pending the litigation.

(*TenBroeck* v. *Orchard,* 74 N. C., 409; *Rollins* v. *Henry,* 77 N. C., 467, cited and approved.)

APPEAL from an Order made at Spring Term, 1878, of RICHMOND Superior Court, by *Moore, J.*

Pending the action and on application of the plaintiff, the court below made an order for the appointment of a receiver, upon the facts which are sufficiently set out by Mr. Justice DILLARD in delivering the opinion. From this order the defendants appealed.

*Messrs. Hinsdale & Devereux* and *Dowd & Walker,* for plaintiff.

*Mr. J. D. Shaw,* for defendants.

DILLARD, J. The plaintiff is a mortgagee of the lands in the two deeds mentioned in the pleadings, conveyed to him as a security of three several promissory notes amounting in the aggregate to the sum of $8,801.34, with interest at eight per cent; for all of which the deed of John Fairley and wife is a security, and for one of which only, the deed of Robert N. Fairley and wife is an additional security. The plaintiff brings his action for a foreclosure of said mortgages. John Fairley is dead, and the plaintiff is his administrator with

the will annexed, and his widow, heirs at law, and devisees are made parties defendant, as interested in the one mortgage, and Robert N. Fairley and wife are made parties defendant, as interested in the other. Pending the suit, the plaintiff on notice moved for the appointment of a receiver on the allegation that the property was an inadequate security, and that Robert N. Fairley was in the pernancy of the profits and was insolvent, whereby he was in danger of irreparable loss as to the rents and profits. The motion was heard on affidavits, and His Honor finding the facts made an order appointing a receiver, and defendants being dissatisfied therewith appealed to this court.

A mortgagee, after day of default, is entitled to enter into the possession of the mortgaged premises, and take and apply the rents and profits in liquidation of his debt, and his right to do so is incident to his legal estate and is part of his security; but he will do so with liability to account for the same on a bill to foreclose by a sale, or on a bill by the mortgagor to redeem. Adams Eq. 118. In this action brought to foreclose the mortgages, the defence is made that the notes secured have been paid in whole or in part; and defendants particularly insist that the plaintiff, as administrator of John Fairley, who was bound for all three of the notes as principal, had or ought to have assets in hand sufficient to pay off the entire debt, and the plaintiff denying the alleged payment and existence of assets in his hands, an issue is made fit to be tried before a decree of foreclosure is made in the cause. Pending the litigation, the rents and profits ought to be secured as a fund to be applied at the final hearing to plaintiff's debt, if need be, in aid of the proceeds of sale of land, otherwise to be turned over to the defendants. Considerable delay may occur in settling the administration account of the plaintiff under the defence made by the defendants, and during such time the defendant, Robert N. Fairley, now in the perception of the

profits being insolvent, and the lands conveyed in the mortgages inadequate to pay the debt, as found to be the facts by the court below, the plaintiff as to the rents and profits in the meantime, included within his security as aforesaid, will obviously be at the hazard of their total loss. In such case it is his right, and within the rightful authority of the court to secure the fund through the appointment of a receiver until the final hearing of the cause. C. C. P. § 215. *TenBroeck* v. *Orchard,* 74 N. C. 409; *Rollins* v. *Henry,* 77 N. C., 467. We are of opinion that the plaintiff was entitled to have a receiver appointed, and the order of His Honor appointing one must be affirmed.

No error.                        Affirmed.