*GEORGE W. LONG; Adm'r and others v. BANK OF YANCEY-VILLE and others.

*Practice—Pleading—Statute of Limitations—Evidence—Creditors' Bill—Obligation of Contract.*

1. After a defendant has answered, denying the allegations of the complaint and averring new matters of defence, he cannot move the court to dismiss the action because of the insufficiency of the complaint.

2. The defence of the statute of limitations can be made only by answer.

3. The statute of limitations, in its ordinary acceptation, does not apply to bank bills which circulate as money.

4. The face of such bills is not evidence of the date of their issue, since they are constantly paid into the bank and re-issued.

5. When the plaintiff declares in his complaint that he sues for himself and all other creditors who will come in and be made parties and share the expenses, such complaint is, in form and substance, a " creditors' bill."

———————

*Dillard, J., having been of counsel did not sit on the hearing of this case.

6 *It seems* that the Legislature has no power to coerce a creditor of an insolvent bank into an acceptance of a *pro rata* share in the assets as a full discharge of his debt and his right to look to the stockholders upon any collateral liability assumed by them.    Such act appears to be clearly violative of the sanctity of contracts.

(*Garrett* v. *Trotter*, 65 N. C., 430; *Musten* v. *Marlow*, *Ibid.*, 695; *Baldwin* v. *York*, 71 N. C., 463; *Green* v. *R. R. Co.*, 73 N. C., 524; *Von Glahn* v. *Harris*, *Ibid.*, 323; *Wilson* v. *Moore*, 72 N. C., 558; *Wilson* v. *Bank*, *Ibid.*, 621; *Brooks* v. *Headen*, 80 N. C., 11; *Glenn* v. *Bank*, 70 N. C., 191, and 80 N. C., 97, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of ALAMANCE Superior Court, before *Buxton, J.*

This action was begun in 1872 by Joseph B. McMurray, the intestate of plaintiff, against Thomas Biglow, George Williamson and others, stockholders in defendant bank, and payment demanded of an amount alleged to be due under the personal liability clause of the bank charter.    McMurray died in 1877, and the plaintiff Long his administrator was made a party.    The defendants moved to dismiss the action for the causes and upon the facts set out in the opinion of this court.    His Honor allowed this motion, but denied that of the plaintiff to amend the complaint, from which ruling the plaintiff appealed.

*Mr. E. S. Parker*, for plaintiff:

Cited and commented on *Crawford* v. *Bank of Wilmington*, Phil., 136; *Glenn* v. *Farmers' Bank*, 70 N. C., 191; *Wilson* v. *Moore*, 72 N. C., 558; *Wilson* v. *Bank*, *Ibid.*, 621; *Brooks* v. *Headen*, 80 N. C., 11; Adams Eq., 258; *Von Glahn* v. *Harris*, 73 N. C., 373; *Pollard* v. *Bailey*, 20 Wallace; *Blount* v. *Windley*, 68 N. C., 1; *Wordsworth* v. *Davis*, 75 N. C., 159; and the statute of limitations.

*Messrs. Thos. Ruffin* and *J. W. Graham*, for defendants:

The answer states that plaintiff gave no notice to defendant stockholders of non-payment by bank.    Notice was nec-

essary as a part of the agreement, and debt did not arise before notice given. It is of the nature of a special request and must be alleged in the declaration, and proved. Such is the contract of an endorser under the Law Merchant, a species of guaranty settled by long usage, and has been applied to the guaranty of a note or bill. *Grice* v. *Ricks*, 3 Dev., 62; *Sherrod* v. *Woodward*, 4 Dev., 360; *Adcock* v. *Fleming*, 2 Dev. & Bat., 225; *Barrett* v. *Munroe*, 4 Dev. & Bat., 194. The responsibility imposed upon the private stockholder is a secondary one, because it makes him liable for the debts of another, to-wit, the corporation. *Malloy* v. *Mallett*, 6 Jones Eq., 345. Defendant bank surrendered its charter by filing bill in equity under the act of 1866, ch. 3. Angel and Ames on Corp., 876; 4 Otto, 673; 21 Wall., 615; 20 Wall., 650; *Bank* v. *Kennedy*, 17 Wallace.

SMITH, C. J. This action is brought to enforce against the defendants, stockholders of the bank of Yanceyville, the liability imposed upon them in the 12th section of the act of incorporation, which is as follows:

"That in case of any insolvency of the bank hereby created, or ultimate inability to pay, the individual stockholders shall be liable to creditors in sums double the amount of the stock by them separately held in said corporation." Acts 1852–'53, ch. 8.

The complaint alleges that the intestate, Joseph B. McMurray, is the owner of certain notes issued by the bank, a list whereof is contained in the schedule annexed, and all of which bear date previous to June, 1857; that the bank, previous to January 1st, 1866, became and was then insolvent, and has so continued, and that having ceased to do any business, the plaintiff sought out and made demand of payment of its last cashier, which was refused; and that there are no creditors or bill-holders of the bank known to the intestate other than himself.

The complaint further recites the general provisions of the act of March 12th, 1866, entitled, " an act to enable the banks of this state to close their business," (acts of 1866, ch. 3,) and alleges that the stockholders in the spring of the same year filed their bill in the name of the bank and proceeded to wind up its business in the manner therein directed; that the assets collected admitted of a very small per centum distribution among the creditors, and the per centum was paid only upon their surrender of the entire claim held by each who accepted his part or share; and that the intestate was no party to the proceeding, and did not participate in the division of the fund.

The defendants answer these allegations and set up various matters of defence against the claim, not necessary now to be specifically mentioned. No issues were framed to determine the facts controverted in the pleadings, nor was evidence adduced in support of the allegations made either in the complaint or answers. At spring term last the defendants moved to dismiss the action for the following reasons:

1. Because none of the bills sued for bear date subsequent to November 24th, 1860, when the bank failed and the liability of the stockholders accrued.

2. For that the action is in the name and for the benefit of one instead of all the creditors, and

3. That the proceedings instituted in the court of equity are a bar to the prosecution of the plaintiff's claim.

The action was dismissed, and the question on the appeal is as to the sufficiency of the reasons assigned, or of any other apparent on the record, to sustain the ruling of the court.

If the defendant, instead of answering, had put in a demurrer, we should be confined to an examination of the complaint to ascertain if it stated a sufficient cause of action, and perhaps the same issue would be presented on a preliminary motion to dismiss. C. C. P., § 99. But when new

and independent matters of defence are set up in the answer,
and the plaintiffs allegations denied, the proper course is to
eliminate from the pleadings such issues of fact as they in-
volve, and submit them to a jury, or for determination in
some other mode authorized by law.   While the contro-
verted allegations of fact remain open and undisposed of, it
is irregular to entertain a motion to dismiss and put the
cause out of court.   This has been held in several cases.

In *Garrett* v. *Trotter,* 65 N. C., 430, after the cause was
called and before the impanelling of the jury, the defend-
ants objected to the admission of any evidence, because of a
defect in the complaint, in that it failed to charge a wrong-
ful possession and unlawful withholding of the premises by
the defendant, and the action was dismissed.   This court
reversed the judgment, and PEARSON, C. J., discussing the
irregular and unusual mode of proceeding, says:  "This
irregularity furnishes a second ground upon which the
plaintiff is entitled to have the judgment set aside, and a
*venire de novo* awarded."   This was an action at law, and at
the same term a decision was made in a cause in equity.
*Mastin* v. *Marlow,* 65 N. C., 695.   The bill had been dis-
missed on the ground that upon its face it showed the plain-
tiff not to be entitled to the relief asked, and there was an
adequate remedy at law.   The Chief Justice who delivered
the opinion in this case also, overruling the court below,
uses this language: "This is the second instance at the present
term of a case, when in the midst of a trial, the proceed-
ings are abruptly stopped by motion to dismiss;" adding:
" This mode of procedure is irregular, and gives rise to great
inconvenience and useless costs."

In a more recent case the same ruling is made, and
BYNUM, J., says:  " The plaintiff moved for judgment upon
the complaint and answer.   *This was irregular.*   If he ad-
mitted the allegation of the answer, he should have de-
murred thereto, and then nothing but issues of law would

have been presented to the court. But the answer denies
some material allegations of the complaint, which raised
issues of fact which should have been found either by the
court or by a jury." *Baldwin* v. *York,* 71 N. C., 463.

These decisions and the clear and sound reasoning by
which they are supported warrant us in reversing the action
of the court below and sending the case back for a new
trial. But as our opinion upon the points raised and de-
bated before us, and which will come up upon the next
hearing, may facilitate the final disposition of the cause, we
proceed to examine them also.

1. The first ground relied on for the order of dismissal is
that the bills of the bank bear date anterior to November,
1860, and the action is barred by the statute of limitations:
If this were so the defence would be unavailable in the
present stage of the proceedings, since the dismissal of the
action can be only justified by what is contained in the com-
plaint itself, as on demurrer, and if the statutory bar was
apparent therein, the defence can be taken only by the an-
swer. C. C. P., § 17; *Green* v. *N. C. R. R. Co.,* 73 N. C., 524.
And hence the dismissal of the action is erroneous.

But the face of the bills is not evidence of the date of
their issue, since they are constantly paid into the bank and
re-issued. Nor does the statute of limitations in its ordi-
nary acceptation apply to bank bills which circulate as
money. LORD MANSFIELD in *Miller* v. *Race,* 1 Burr., 457,
gives as a reason for the rule, " that these notes are not like
bills of exchange, mere securities or documents for debts,
nor are they so esteemed, but are treated as money in the
ordinary course and transaction of business, by the general
consent of mankind." Thompson Liab. of Stock, § 300.

In *Perry* v. *Tubman,* 92 U. S., 156, the supreme court of
the United States held that the statute began to run against
the action to enforce the personal liability of the stock-
holders from the time " when the bank refuses or ceases to

redeem, and is notoriously and continuously insolvent, and this may be before the assets of the corporation are applied and exhausted." This point of time is not fixed in the present case, and it may be very difficult to fix it, unless the rule adopted in *Godfrey* v. *Terry*, 97 U. S., be applied, which determines the insolvency by the date of suspension of specie payments, a doctrine announced by a majority of the court, and opposed by a strong and forcible dissent of others. It is unnecessary now to decide the question.

2. The second reason assigned is that the bill is not, and ought to be, a creditor's bill, and that the proper and only legal method of procedure against stockholders is by a creditor's bill, or action prosecuted on behalf of all the creditors, is expressly decided in *Von Glahn* v. *Harris*, 73 N. C., 323. But in our opinion this is in legal effect such an action. The summons in the usual form requires the defendants to answer the complaint to be filed by the plaintiff, and the complaint, when filed, is in these words: " In behalf of himself and of all others, holders of bank bills, issued by the president, cashier, directors and company of the bank of Yanceyville which shall remain unpaid, who shall come in and contribute to the expenses of the suit;" and the amended complaint, subsequently filed, contains a clause substantially the same. The summons, unlike the old writ of *capias ad respondendum*, or the subpœna used at the commencement of the proceedings in equity, is a mere notice of the action, unaccompanied by any penalties for disregarding it, except in incurring a liability to a judgment by default. It refers to the complaint as containing a statement of the cause of action and the redress demanded, and to this the defendant must demur or answer.

In *Wilson* v. *Moore*, 72 N. C., 558, the "summons commanded the defendants to answer the complaint of *Wilson & Shober alone*, while in the complaint they sue for themselves and in behalf of all others, the creditors and note

holders of the bank of the State of North Carolina, who will come forward and contribute to the expenses of the action;" and this was held to be free from objection. Referring to the practice prevailing in courts of law and equity before the introduction of the new substitute for both, BYNUM, J., speaking of the writ and subpœna, says: "In both courts, its only operation and office are to give notice of an action begun, the parties to it, and when the complaint will be filed. In our case these purposes have been answered, and the defendants have had every privilege allowed by the regular course of the court. The objections seem captious and for the evident purpose of delay."

In *Wilson* v. *Bank of Lexington*, 72 N. C., 621, determined at same term, the defendants assigned, among the causes of demurrer that the action was brought by Wilson & Shober alone, while, as the complaint shows, there are other creditors, all of whom should have been associated as plaintiffs, and the court held "that none of the causes of demurrer are sufficient," and say: "It is a *creditors' bill* and all the creditors are, or may come in and be parties and share the recovery." See also as to the practice when there are defective parties, *Brooks* v. *Headen*, 80 N. C., 11. These references sufficiently dispose of the objection.

3. The last assigned reason grows out of the proceedings had in the equity suit under the act of March 12th, 1866. The plaintiff refers to this proceeding and declares he was not a party to it, had no legal notice of it, and that he declined to surrender his notes and thus discharge the obligation of the bank and the stockholders, as he was required to do, for receiving the inconsiderable per centage the assets of the bank were able to distribute among its creditors. The fifth section of the act declares that creditors who may prove their demands in the case "shall be entitled to payment *in satisfaction of the same out of the assets*," and that "all claims and demands not presented, proved and established

according to the provisions of this act, within the time al-
lowed by the decree of this court therefor, shall be barred of
recovery by any action at law or other proceedings in equity,
and any suit brought for their recovery otherwise than is
herein provided, shall on the plea of the commissioner of
such bank, be abated, or on his motion dismissed."

We are not prepared to uphold this exercise of power by
the general assembly to coerce the creditor into an accep-
tance of what may be his share in the distribution of the
assets of an insolvent debtor corporation as a full discharge
of his debt and his right to look to the stockholders upon
the collateral liability assumed by them.

In the case already cited from 97 U. S. Rep ,.(*Godfrey* v.
*Terry*,) Mr. Justice MILLER who delivers the opinion, when dis-
cussing the effect of the act of the general assemby. of South
Carolina which authorizes the suspension of specie payments
by the banks, uses this language : " The legislature did no
more than to relieve them from the penalty of the forfeitures
of their charters. It could not relieve them from the obli-
gation to pay their debts in specie, nor extend the time for
such payment. It could not do this because *any such law*
would impair the obligation of the creditor's contract."
Such is also declared by this court to be the only legal oper-
ation of the similar act of November. 24th, 1860, passed in
this state, wherein the court say : " Whatever the intention
of the act cited may have been, the only effect which can
be constitutionally allowed them, is to exonerate the banks
from a forfeiture of their charters and other penalties under
the laws of the state. They cannot have the effect to dis-
charge the banks from their liabilities to innocent holders.
of their bills." *Glenn* v. *Farmers' Bank*, 70 N. C., 191.

But the facts are not before us in a form to call for the
expression of a decided opinion on the point, and it is al-
luded to in order that it may not seem to have escaped our
notice. It is enough at present to say that there are no.

4

sufficient reasons now shown to justify the summary dismissal of the action. It is true that if there were other grounds besides those mentioned, *apparent in the complaint*, which would sustain the order of the judge, it is contrary to the practice of the court to consider them, since it is the *legality* of the order itself, not the particular *reasons given* for making it, which we are to pass upon. None such are pointed out in the argument and none are discovered upon an examination. We therefore declare there is error in the ruling and it is reversed, and this will be certified.

Error.                                   Reversed.

IN SAME CASE AT THIS TERM:

SMITH, C. J.   Calvin J. Cowles, alleging himself to be a creditor of the defendant in a large sum, files his petition to be allowed to come in and be made a party plaintiff. The answer sets up substantially the same matters of defence to the application which are relied on in the original answers, and the application is denied.

In addition to what we have said in the opinion in the other appeal, we are content to refer to *Glenn* v. *Bank*, 80 N. C., 97. The issues made upon his petition and answer thereto should have been first determined before the summary order of the court. This order is reversed, and the cause will proceed according to law as declared by this court.

Error.                                   Reversed.