ARNOLD PARKER and others *v.* T. D. PARKER and others.

*Injunction—Receiver—Mining Interests.*

In this state an injunction will not be granted to stop the working of a gold mine, but where it appears that the party in possession is of doubtful ability to respond in damages if he be cast in the action, a receiver should be appointed to secure the profits.

(*Baldwin* v. *York*, 71 N. C., 463; *Bell* v. *Chadwick*, *Id.*, 329; *Falls* v. *McAfee*, 2 Ired., 236; *Deep River Gold Mining Co.* v. *Fox*, 4 Ired. Eq., 61; *Gause* v. *Perkins*, 3 Jones Eq., 177, cited and approved.)

MOTION to dissolve an Injunction heard at Fall Term, 1879, of STANLY Superior Court, before *Buxton, J.*

It appearing that the real estate in controversy is a mining interest, and the court being of opinion that it is against public policy to obstruct the working of mines and the development of the resources of the state, ordered the injunction theretofore granted to be dissolved, and appointed a receiver, to the end that the property in litigation be secured until the rights of the parties are determined in the action. From this judgment the plaintiff appealed.

*Mr. W. J. Montgomery*, for plaintiffs:

Cited *Miller* v. *Washburne*, 3 Ired. Eq., 161; *Troy* v. *Norment*, 2 Jones Eq., 318; *James* v. *Norris*, 4 Jones Eq., 225; 3 Jones Eq., 177; 2 Ired., 239

*Mr. J. W. Mauney*, for defendants:

Cited *Falls* v. *McAfee*, 2 Ired., 236; 4 Ired. Eq., 61; 3 Jones Eq., 177; 71 N. C., 463 and 329.

DILLARD, J. The plaintiffs commenced action by summons for the recovery of a tract of land on which was a gold mine, and simultaneously therewith, or soon thereafter,

applied for and obtained an injunction, upon the claim as disclosed by their affidavits, that they were sole owners in fee and had had a possession themselves and under their father for sixty years, and that defendants had unlawfully and forcibly entered upon said land and were irreparably injuring them by digging for and taking away the gold, to pay for which they were utterly unable by reason of their insolvency.

The defendants subsequently, on their motion to dissolve by affidavit in reply to affidavit of plaintiffs on which the injunction was obtained, denied that plaintiffs were sole owners in fee of the mines, ores and minerals in said land contained, but alleged that the heirs at law of James Parker, John Parker and William Parker were tenants in common with the plaintiffs therein, and as such had the right to make and had made to them a lease for their interest, in virtue of which they had entered on the land and were digging for gold. And they averred that they had not ousted the plaintiffs or any tenant of theirs from the land, nor excluded or claimed to exclude the plaintiffs from digging for gold also. They offered to give account of the gold they had found, and represented themselves able, though of small means, to respond in damages for any recovery that plaintiffs might effect against them.

On consideration of the motion to dissolve the injunction in connection with the affidavits of the parties and others in support on each side, His Honor, finding the real estate in controversy to be a mining interest, ordered the dissolution prayed for. But on the admission by defendants in their affidavit of a right in the plaintiffs as tenants in common in the said mining interest with their lessors, and of a doubtful ability on their part to respond for the value of the gold they might find and appropriate to their own use, the court adjudged it a proper case for a receiver, and ap-

pointed one.  And this action of the judge is the ground of plaintiffs' complaint.

His Honor found the subject of the controversy to be a mineral interest, and the fact found seems to be justified by the affidavits filed.  That fact and the others found by him would seem to authorize the judgment, which is claimed by plaintiffs to be erroneous.

In controversies concerning the right of property in land between two persons claiming by separate and distinct titles, the court will not interfere, by way of injunction or the appointment of a receiver, with the free use and enjoyment of the party in possession unless it appear that the plaintiff will lose the rents and profits to which he will be entitled in case he establish his title.  *Baldwin* v. *York,* 71 N. C., 463; *Bell* v. *Chadwick, Id.,* 329.  Equally averse is the court to interfere between tenants in common in dispute over the question of connection in ownership between them.  And in such case it is laid down as the rule that no interference will be made as against the party in possession, unless he absolutely exclude the other from all enjoyment; or, the property being of such nature as not to admit of user by hostile claimants, (as here a mine) there shall be a reasonable fear that accountability will be unavailing by reason of the insolvency in the perception of the rents and profits. High on Receivers, § 603, *et seq.*

Applying these principles to the case under consideration, it would seem that in accordance therewith the jurisdiction of the courts might be invoked, and in the case of co-tenancies generally, the power would exist and might be exercised in the discretion of the judge either in granting an injunction or in the appointment of a receiver.  But the case of mines is in our state an exception to the general rule, and in regard to that kind of property it is the settled doctrine that the working of mines ought not to be stopped, from consideration of public policy and in justice to the private

party who might in the end be adjudged to be the owner or part owner, and therefore an order of injunction ought not to be issued in such cases, but rather the method adopted of having the issues and profits secured through a receiver, ready for delivery to the party who should be decided to be owner.

In *Falls* v. *McAfee*, 2 Ired., 236, the court enunciate the rule as above stated, and then say : " It is indeed surprising that the plaintiff (Falls) had not at the first opportunity moved to discharge the injunction by submitting to an order for a receiver." And in this language of the court there is express sanction of the course of His Honor in the case here. The principle of the case of *Falls* v. *McAfee* has been referred to and approved since and may be taken as the rule with us. See *Deep River Gold Mining Co.* v. *Fox*, 4 Ired. Eq., 61 ; *Gause* v. *Perkins*, 3 Jones Eq., 177.

On the application for the injunction, therefore, the order allowing it was improvidently made, and in place thereof a receiver should have been appointed, thus saving plaintiffs against any loss from the continued working of the mine, and just to the defendants in case at the end of the law their lessors were found interested in the property as co-tenants. By the appointment of a receiver the plaintiffs are effectually secure against loss in the diminution of the value of the mine; and at the same time public policy interested in the development of the resources of the country as well as private justice are all cared for and protected.

We think that which should have been done under the authority of the decisions of our state on the original application for the injunction, might be done afterwards on the motion of defendant for the dissolution of the injunction which was granted, although a receiver was not asked for by plaintiffs. *Falls* v. *McAfee, supra ;* High on Receivers, §§ 98, 743.

The dissolution of the injunction and the appointment of

a receiver by His Honor in the court below was, in our opinion, in accordance with law, and the judgment is therefore affirmed.   Let this be certified.

No error.                                    Affirmed.