A. R. NESBITT & BRO. v. J. M. TURRENTINE and wife.

*Action under Landlord and Tenant Act—Power of Superior Court to Appoint Receiver—Omission to Require Bond.*

1. In an action under the landlord and tenant act carried by appeal to the superior court, it is within the power of the court to appoint a receiver to collect the rents, &c., upon an affidavit by the plaintiff (not

controverted) that the defendants entered into possession as tenants of plaintiff, held over after expiration of their term, are insolvent, and that plaintiff has no security for rents.

2. An order appointing a receiver is not void by reason of an omission of the court to require adequate security.

(*Foster* v. *Penry*, 77 N. C., 160; *Forsythe* v. *Bullock*, 74 N. C., 135; *Turner* v. *Lowe*, 66 N. C., 413; *Deep River*, &c., v. *Fox*, 4 Ired. Eq., 61; *Gause* v. *Perkins*, 3 Jones Eq., 177; *Rollins* v. *Henry*, 77 N. C., 467; *Kerchner* v. *Fairley*. 80 N. C., 24; *Twitty* v. *Logan*, *Ib.*, 69; *Parker* v. *Parker*, 82 N. C., 165, cited and approved.)

PROCEEDING under the landlord and tenant act heard on appeal at Fall Term, 1878, of MECKLENBURG Superior Court, before *Schenck, J.*

The defendants appealed from the judgment below.

*Messrs. J. E. Brown* and *C. Dowd,* for plaintiffs.

*Messrs. Shipp & Bailey* and *Merrimon & Fuller,* for defendants.

SMITH, C. J. The plaintiffs commenced their action on June 5th, 1876, before a justice of the peace, under the landlord and tenant act (Bat. Rev. ch. 64) to recover possession of a dwelling house and lot and the sum of thirty-seven dollars and fifty cents, then due for rent. The defendants dispute the plaintiffs' claim, assert title in themselves and deny the jurisdiction of the justice to hear and determine the cause. Upon the trial the justice found the controverted issues of fact in favor of the plaintiffs, and adjudged that the defendants be removed from and the plaintiffs put in possession of the premises described in the oath of the plaintiffs, "and that they also recover the rent demanded." The defendants appealed to the superior court. The cause was continued from time to time in the latter court, and during its pendency the plaintiff, A. R. Nesbitt, submitted the following affidavit at spring term, 1878 :

A. R. Nesbitt, the plaintiff, makes oath that the defend-

ants entered into possession of the premises in controversy, as tenants of the plaintiffs, and this action was instituted after the expiration of the said defendants' term therein, to recover the possession; that the defendants in said action are all wholly insolvent and plaintiffs have no security for rents; that the rent, which defendants agreed to pay plaintiffs for the said premises, was one hundred and fifty dollais per year or twelve dollars and a half per month. (Signed and sworn to by A. R. Nesbitt, on June 1st, 1878, before the clerk of the superior court.)

Upon this affidavit and motion of plaintiff's counsel, a receiver was appointed to collect the rents and profits and to hold the same subject to the further order of the court; and from this interlocutory judgment an appeal is taken to this court.

If it appears on the trial that the title to the real. estate is in controversy, the justice shall dismiss the action and render judgment against the plaintiff for the costs. Bat. Rev., ch. 63, § 17. And the same course must be pursued in the superior court in the exercise of its appellate jurisdiction. *Foster* v. *Penry*, 77 N. C., 160. "If he (the justice) finds that the defendant was a tenant," remarks RODMAN, J., delivering the opinion in this case, "he must proceed to try any other matters in issue, and give such judgment as may be proper. No claim of a freehold title in the defendant can be allowed to be made. It is impertinent; for if the defendant is not a tenant it is immaterial, as, on failure of proof that he is, the jurisdiction fails; and if he is a tenant, the plea of title cannot avail him as he is estopped to allege it." The rule admits of exception when there is an equitable defence, for which, under the old practice, relief would be afforded in a court of equity, and this relief is now obtainable in the same action, *Forsythe* v. *Bullock*, 74, N. C., 135, and if sought would oust the justice's jurisdiction. *Turner* v. *Lowe*, 66 N. C., 413, and *Davis* v. *Davis, ante,* 71.

Until the trial, however, it cannot be ascertained that any controversy fatal to the jurisdiction will arise, and if it does then so appear, it becomes the duty of the judge, as it was the duty of the justice, to dismiss the action. Meanwhile the cause must proceed, as in other cases, subject to the power of the court to make such interlocutory orders for the restraint of the parties or the security of the property in litigation, as are admissible where the jurisdiction is unquestionable.

The settlement of this controversy being protracted by continuances, and the rents in consequence largely accumulated, to all of which the plaintiffs would be entitled if successful in their action, it was a reasonable exercise of the power of the court to appoint a receiver to collect and hold them as directed in the order made. Bat. Rev., ch. 64, § 28.

The affidavit and the recitals in the warrant originally issued (which not being in the transcript but referred to in the proceedings, in the absence of exception, we must presume to be in proper form as prescribed in section 20) constituting the complaint in the cause, allege title in the plaintiffs and the wrongful withholding by the defendants, their tenants; and their alleged and admitted insolvency, make a case for such an appointment according to the practice of the court. *Deep River Gold Mining Co.* v. *Fox,* 4 Ired. Eq., 61; *Gause* v. *Perkins,* 3 Jones Eq., 177; *Rollins* v. *Henry,* 77 N. C., 467; *Kerchner* v. *Fairley,* 80 N. C., 24; *Twitty* v. *Logan, Ib.,* 69; *Parker* v. *Parker,* 82 N. C., 165. Nor is the error in the ruling assigned sustained by any evidence adduced, or by any finding of facts, and it is needless to reitterate that the appellant must show the error complained of or the judgment will be affirmed.

It is the practice of the court to require from all persons, to whose custody and care property is committed by its order, adequate security for its safety, but the order is not

void by reason of the omission, nor is this point presented in the appeal.

The proceedings had subsequent to the appeal constitute no part of the record to be reviewed and are needlessly set out in the transcript.

The judgment is affirmed and this will be certified.

No error.                                                 Affirmed.