JOHN C. SINCLAIR v. MARGARET McBRYDE, Ex'x, and others.

*Creditors' Bill—Executors and Administrators.*

The petition of a creditor of a decedent for an order to compel the personal representative to sell land for assets to pay debts, is not demurrable upon the ground that all the creditors of the estate are not made parties plaintiff. Such a proceeding is in effect a creditor's bill, and gives the complainant no preference over any other debt of equal dignity.

(*Wilson* v. *Bank*, 72 N. C., 621, cited and approved).

SPECIAL PROCEEDING commenced before the clerk, and heard at Spring Term, 1882, of ROBESON Superior Court, before *Shipp, J.*

The proceeding was instituted by the plaintiff to compel the defendant as executrix of Angus Leach, deceased, to sell the land described in the complaint, of which the said Leach was seized at the time of his death, to make assets for the payment of his debts.

The complaint alleges that Angus Leach died in the county of Robeson in 1877, leaving a last will and testament, in which he devised the land to his wife, the defendant, Margaret McBryde, for her natural life, and after her death to the other defendant, Mary Wilkinson, and appointed the said Margaret executrix, who qualified as such before the probate court; that the plaintiff obtained a judgment in the superior court at spring term, 1880, for the sum of two hundred dollars, with interest; and the personal estate, as accounted for by the executrix, is wholly insufficient to pay the testator's debts, and that it is necessary that the land should be sold to make assets for that purpose, and the said Margaret refuses to sell the same or to file any petition for an order to do so. The prayer of the petition is that the land be sold by the executrix, &c.

The defendants demurred to the complaint upon the ground that the action is brought in behalf of J. C. Sinclair only, when it should be brought in behalf of the said J. C. Sinclair and all the other creditors of Angus Leach, deceased.

The demurrer was sustained by the clerk, and the plaintiff appealed to the superior court, where the judgment of the clerk was reversed, and the demurrer overruled, with leave to the defendants to answer, and defendants appealed.

*Messrs. McNeill & McNeill*, for plaintiff.
*Messrs. French & Norment*, for defendants.

Ashe, J. We are of the opinion there was no error in the judgment rendered by His Honor in the superior court. The proceeding, though not in form, is in substance and effect, in the nature of a creditor's bill.

The plaintiff does not seek to recover his debt alone out of

the land of the defendant's testator, but to make the land assets for the payment of all the debts of the testator; so that when the land is sold by the executrix and the proceeds of the sale collected, it will be assets in her hands for the payment of all the debts of her testator according to their dignities. The commencement of this proceeding by the plaintiff will give him no preference over any other debt of equal dignity. It is to all intents and purposes a proceeding in behalf of all the creditors of the decedent, and any creditor might have come in, and may yet come in and make himself a party plaintiff.

In the case of *Wilson & Sholer* v. *Bank of Lexington*, 72 N. C., 621, which was a civil action against the bank to recover the amount of certain bills issued as currency, it was held that it was not necessary to join as plaintiffs all persons holding bills of the bank, for being in the nature of a creditor's bill, such holders may at any time come in and be made parties and share the recovery. This case is analagous, and establishes the principle which governs the case before us. There is no error.

Let this be certified to the superior court of Robeson county that further action may be taken in the case according to law.

No error.                                    Affirmed.