ARTEMUS McNAIR et als. v. POPE & McLEOD.

*Receiver—Mortgage.*

1. Where a party establishes an apparent right to land, and the person in possession is insolvent, a receiver will be appointed to take charge of the rents and profits during the pendency of the action.

2. *Quære*, whether a deed executed by the executor of a deceased mortgagee, who undertook to sell the land in pursuance of the mortgage to his testator, would establish such apparent right; but when the

purchaser at such sale also sets up a release from the mortgagor, he makes out an apparent title, and is entitled to a receiver, although the release is attacked for fraud.

(*Kerchner* v. *Fairley*, 80 N. C., 24; *Nesbit* v. *Turrentine*, 83 N. C., 535; *Oldham* v. *The Bank*, 84 N. C., 304; *Horton* v. *White*, Ibid, 297; *Lumber Co.* v. *Wallace*, 93 N. C., 22; cited and approved).

This is an appeal from an ORDER APPOINTING A RECEIVER, made by *Gilmer, Judge,* at the August Term, 1886, of ROBE-SON Superior Court.

The plaintiffs are the heirs at law of Duncan McNair, deceased, who, in January, 1869, had executed a mortgage to one John McCallum, a copy of which is filed with the complaint. John McCallum died in 1871, leaving a will, with Alex. McRae and John L. McRae as executors, who duly qualified as such, and on March 9th, 1875, sold the land mentioned in the mortgage, at public auction, and executed a deed purporting to convey the land to the defendants. The plaintiffs allege that there was no authority or power in the executors of McCallum to sell under the mortgage; they further allege that the land was bid off by the defendants with an express understanding and agreement with Duncan McNair, their ancestor, that they would buy the land for him, take title to themselves, and hold it till the debt secured by the mortgage should be paid, when they would convey to him. They further allege, that on the 18th day of April, 1876, Duncan McNair executed to the defendants a paper writing, purporting to be a deed for said land, but that at the time it was executed, the relation of mortgagor and mortgagee existed between the said Duncan and the defendants, and they insist that the conveyance was without adequate consideration, and was fraudulent and void, and, in addition thereto, that at the time of the making of said last named conveyance, it was understood and agreed that the defendants would hold the said land only as a security for the debts therein named, and that the said Duncan had

paid off the said debts, and a large part, if not all, of the $3,092.18, mentioned as the consideration of the deed; that the defendants had received a large amount as rents, which should be credited on the debts and amounts named in the conveyance; that the said Duncan was in the possession of the land up to the time of his death, claiming it as his own, and that the plaintiffs have been in possession thereof since the death of said Duncan, their father, claiming and cultivating the land as their own.

They ask that the defendants may be declared trustees for the plaintiffs, and required to convey to them the legal title, for an account of the rents received, and for an account to ascertain the amount that was due to the defendants from Duncan McNair, and that the plaintiffs be allowed a reasonable time to pay the same, and in default thereof, that the land be sold, &c.

The defendants, answering the complaint, deny specifically and in detail, the allegations upon which the plaintiffs base their claim to have the defendants declared trustees, &c., and assert that the sale made by the executors of John McCallum, was in pursuance of the mortgage executed to their testator by Duncan McNair, and if there was no authority in the executors to sell, that the said Duncan assented to and concurred in said sale, and permitted the defendants to purchase the land for value, without objection on his part, and at all times thereafter acquiesced in the same, and that the plaintiffs, who claim through him, ought not to be permitted to dispute their title. They also claim under the deed executed to them by Duncan McNair on the 18th day of April, 1876, and deny that the relation of mortgagor and mortgagee existed between them and the said Duncan, and say that the said deed was made in entire good faith, for fair value, and was intended to convey to them in fee simple any interest that the said Duncan had in said land. They admit that the said Duncan continued to reside

on the land up to the time of his death, but that at no time after the purchase by the defendant, did he dispute their title, or make any claim thereto, but at all times thereafter, and until August 5th, 1880, occupied the same as tenant of the defendants under lease, and that on that day, with the knowledge and concurrence of the said Duncan, they leased the land to the plaintiff Artemus McNair, the said Duncan continuing to remain on said land with the said Artemus, and that all the plaintiffs had full knowledge of this.

There are other matters set out in the answer in respect to the defendants' claim of title to the land, not necessary to be stated in considering the question before this Court. The defendants say in their answer, "that the plaintiffs are totally insolvent, claiming nothing of any consequence but the land in controversy in this action, and that they, or some of them, are now in the receipt of rents and profits of said lands, converting them to their own use, and that the said rents and profits are in danger of being lost."

The copies of the mortgage deed from Duncan McNair to John McCallum, the deed from the executors of McCallum to the defendants, and the deed from Duncan McNair to the defendants, are filed with the pleadings as exhibits. The complaint and answer are verified.

His Honor, after reciting that the defendants had established an apparent right to the property described in the complaint and answer, and that it appeared to the Court that the plaintiffs were in the possession of the land described in the complaint and answer, and that the plaintiffs were insolvent, and the rents and profits of said land were in danger of being lost to the defendants, should they establish their title to said lands, made an order appointing a receiver, and from this order the plaintiffs appealed.

*Mr. T. A. McNeill,* for the plaintiffs.
*Messrs. N. A. McNeill* and *Wm. Black,* for the defendants.

Davis, J., (after stating the facts). *The Code*, §379, provides, that a receiver may be appointed: "before judgment, on the application of either party, when he establishes·an apparent right to property, which is the subject of the action, and which is in the possession of an adverse party, and the property or its rents and profits are in danger of being lost, or materially injured or impaired."

The apparent right of the defendants to the property in this action, if it depended only upon the deed from the executors of John McCallum, would perhaps not warrant the order appointing a receiver, but the deed from Duncan McNair, if *bona fide*, as is alleged by the defendants, would cure any defect in the title derived from the executor of John McCallum, and as the equities upon which the plaintiffs rely, are denied by the defendants, who, it is conceded, have the legal title, and it appears that the plaintiffs are in possession of the property, and that by reason of their insolvency, the rents and profits will probably be lost to the defendants if they shall recover the land, the order appointing a receiver was properly granted. *Kerchner* v. *Fairley*, 80 N. C., 24, and cases there cited; *Nesbit* v. *Turrentine*, 83 N. C., 535, and cases cited; *Oldham* v. *Bank*, 84 N. C., 304; *Horton* v. *White*, 84 N. C., 297; *Lumber Co.* v. *Wallace*, 93 N. C., 22.

There is no error. Let this be certified.

No error. Affirmed.